UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD C. ROBERTS,

                Plaintiff,                    Civil Action No. 13-14675
                                            Honorable Sean F. Cox
       v.                            Magistrate Judge David R. Grand

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION FOR
ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [27]**

**I.    REPORT**

        **A.    Procedural History**

        In this action, Plaintiff Ronald C. Roberts ("Roberts") filed a complaint challenging the administrative determination denying his Social Security disability insurance benefits.  (Doc. #1).  He was successful in that, on January 8, 2015, the undersigned issued a Report and Recommendation to remand the matter to the Administrative Law Judge for further consideration. (Doc. #24).  On January 14, 2015, District Judge Lawrence P. Zatkoff issued an order adopting the recommendation.  (Doc. #25).  That same day, the district court entered final judgment in Roberts' favor and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C.§ 405(g). (Doc. #26).

        On April 14, 2015, Roberts timely filed a petition for attorney fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. #27).  Roberts requests a total of

1

$4,452.64 in attorney fees. (*Id.*, at 10). The Commissioner did not file a response or otherwise oppose Roberts' fee petition, which is now before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #28).

**B.   Analysis**

*1.   Roberts is Entitled to an Award of EAJA Attorney's Fees*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). The Sixth Circuit has identified three conditions which must be met to recover attorney fees under the EAJA: (1) the claimant must be the prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With respect to the first condition, the United States Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding attorney's fees under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1992). Since Roberts obtained a sentence four remand, this condition has been satisfied.

With respect to the second and third conditions, the Commissioner offers no special circumstances which might warrant denial of fees, and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v.*

*Principi*, 541 U.S. 401, 414-15 (2004); *accord Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006). Thus, Roberts is entitled to an award of attorney fees under the EAJA.

### 2.   *Amount of Attorney Fees*

Attorney fees claimed under the EAJA must be reasonable. *See Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart,* 461 U.S. 424 (1983), the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* 433. In *Glass*, the Sixth Circuit recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass*, 822 F.2d at 21 (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)).

With respect to the hours claimed, the EAJA requires "an itemized statement from [the] attorney ... representing or appearing on behalf of the party stating the actual time expended and the rate of which fees and other expenses were computed." 28 U.S.C. §2412(d)(1)(B). Roberts' counsel submitted such an itemized statement, indicating they expended .35 attorney hours in 2013 at $181.60/hr [$63.56] and 21.35 attorney hours in 2014 and 2015 at $184.50/hr [$3,939.08]. (Doc. #27-3). In addition, Roberts seeks compensation for 4.5 paralegal hours at $100/hr. [$450]. *Id.* The Commissioner has not challenged the hours expended by Roberts' legal team, and the Court finds that these hours have been adequately documented and are reasonable for a case such as this and given the result achieved by that work.

As for the hourly rates requested by Roberts for his counsel's work, the statutory maximum rate is $125 per hour, "unless the court determines that an increase in the cost of living

3

or a special factor ... justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Courts have recognized, however, that although the EAJA generally caps the hourly rate for attorney fees at $125 per hour, the statutory rate is a ceiling and not a floor," *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986), the rate of which applies in the average case. *Gisbrecht v. Barnhart*, 545 U.S. 789, 796 (2002). A plaintiff requesting an increase in the hourly-fee rate above the statutory rate "bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1948)).

Here, Roberts seeks to recover at the rates of $181.60 and $184.50 per hour, which are above the statutory cap. Roberts supports his petition with various pieces of evidence. First, he provides the appropriate Consumer Price Index Data for Detroit-Ann Arbor-Flint for August 2013. (Doc. #27-2, Ex. A). Next, Roberts provides affidavits of area attorneys which speak to their hourly rates, as well as State Bar of Michigan Attorney Billing Rate Summary Reports. (Docs. #27-4, 27-5, 27-6). Finally, Roberts provides affidavits of several attorneys and one non-attorney representative that describe the "limited availability of counsel willing to take Social Security cases to Federal Court," particularly on a referral basis. (Doc. #27-5). Together, the foregoing materials demonstrate that the rates sought are reasonable and "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (quoting *Blum*, 465 U.S. at 895 n. 11). Consequently, the Court finds that the hourly rates of $181.60 and $184.50 are reasonable in this case, as is the $100 hourly rate counsel charged for the work of two paralegals. *See Ralston v. Astrue*, 2011 U.S. Dist. LEXIS 153167, at 14-15, (E.D. Mich. Aug. 30, 2011).

Multiplying the .35 hours counsel expended in 2013 by the $181.60 rate, and the 21.35 hours counsel expended in 2014 and 2015 by the $184.50 rate, and adding the results together yields a sum total of $4,002.64 in attorney's fees. The same approach yields a total of $450.00 for the paralegal work, after multiplying the 4.5 hours expended by the $100.00 rate. Therefore, Roberts is entitled to a combined award of $4,452.64 in EAJA fees.

## II.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Roberts' application for attorney's fees [27] be **GRANTED** and that Roberts[1] be awarded EAJA fees in the total amount of $4,452.64.

Dated: June 10, 2015                              s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                                           United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and

---

[1] Although Roberts' counsel requests that the EAJA award be made payable to their firm (Doc. #27 at 10), the EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. §2412(d)(1)(A). Thus, any judgment entered for EAJA attorney fees must be entered in Roberts' favor. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010). Any fee agreement between Roberts and his attorney is not part of this case.

recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2015.

<div style="margin-left:40%">

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

</div>